IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL G. SALE                                                                              PLAINTIFF

v.                                         CIVIL NO. 23-5134

MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                                                               DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Michael G. Sale, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on August 1, 2020, alleging an inability to work since June 30, 2018, due to post-traumatic stress disorder (PTSD), degenerative disc disease, patellofemoral pain syndrome, bilateral tinnitus, chronic migraines and collapsed arches. (Tr. 79, 225). An administrative telephonic hearing was held on April 13, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 45-75).

---

[1] Martin J. O'Malley, has been appointed to serve as Commissioner of Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated June 20, 2022, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: PTSD, degenerative disc disease, migraine headaches, degenerative joint disease, and obesity. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 14).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: The individual can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds; can occasionally balance, stoop, kneel, crouch or crawl; can perform work where interpersonal contact is incidental, such as assembly work; tasks should be no more complex than those that can be learned and performed by rote, with few variables and little judgment; and supervision that might be required is simple, direct, and concrete.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a folder, a cleaner and a tagger. (Tr. 27-28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on June 21, 2023. (Tr. 1-6).  Subsequently, Plaintiff filed this action.  (ECF No. 3).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision.  (ECF Nos. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issue on appeal: 1) The ALJ failed to properly evaluate Plaintiff's migraines under Listing 11.02, and in the RFC assessment. (ECF No. 11). Defendant argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 13).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants, Plaintiff's medical records, and his subjective complaints. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC for the time period in question. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

      DATED this 13th day of May 2024.

                                        /s/ *Christy Comstock*
                                        CHRISTY COMSTOCK
                                        UNITED STATES MAGISTRATE JUDGE